**Driton BRAHIMI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 07–1990–ag.

United States Court of Appeals, Second Circuit.

Feb. 25, 2008.

Sam Gjoni, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Richard M. Evans, Assistant Director, Rebecca A. Niburg, Trial Attorney, Office of Immigration Litigation, United

**82**

States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Driton Brahimi, a native of Yugoslavia who was ordered removed to Serbia–Montenegro, seeks review of a April 18, 2007 order of the BIA affirming the October 19, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Driton Brahimi*, No. A98 477 621 (B.I.A. Apr. 18, 2007), *aff'g* No. A98 477 621 (Immig. Ct. New York City, Oct. 19, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

### I. Asylum

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D).

■ We lack jurisdiction to review the denial of the asylum application in the present case because Brahimi's only challenges are to factual findings. These challenges are "just the kind of quarrels with fact-finding determinations and with exercises of discretion that courts continue to have no jurisdiction to review, notwithstanding the REAL ID Act's restoration of jurisdiction over constitutional claims and questions of law." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 330 (2d Cir.2006). Accordingly, we dismiss Brahimi's petition to the extent that it challenges the denial of his asylum claim.

### II. Withholding of Removal

Eligibility for withholding of removal and relief under the CAT are not subject to the one-year bar and must be considered regardless of the timeliness of the initial asylum request. *See Xiao Ji Chen*, 471 F.3d at 332, 340.

### A. Exhaustion

■ Under 8 U.S.C. § 1252(d)(1), this Court "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." However, if the BIA addresses issues not raised by a petitioner, those issues are considered exhausted and may be reviewed by this Court. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 296–97 (2d Cir.2006). Here, despite Brahimi's failure to specifically mention his withholding of removal claim in his brief to the BIA, his failure to exhaust is excused because the BIA expressly incorporated the IJ's decision into its own by reference, and the IJ's explicit discussion of withholding of removal is thus part of the BIA's decision. *See Waldron v. INS*, 17 F.3d 511, 515 n. 7 (2d Cir.1994).

### B. Waiver

■ Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Chapman v. ChoiceCare Long Island Term Disability Plan,* 288 F.3d 506, 514 (2d Cir. 2002). As the Government correctly points out, Brahimi fails to specifically challenge the agency's denial of withholding of removal in his opening brief to this Court. However, he challenges the agency's finding that he did not suffer past persecution, and the agency rested its denial of withholding of removal on this finding. Notwithstanding Brahimi's failure to mention withholding of removal in his brief, we will consider this claim because manifest injustice would otherwise result for the reasons stated below.

### C. Severity of Harms

To constitute persecution, the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006). The difference between harassment and persecution is "necessarily one of degree that must be decided on a case-by-case basis." *Ivanishvili,* 433 F.3d at 341.

■ In this case, the IJ misread the record and failed to consider (at least explicitly) an act of alleged persecution in the analysis of past persecution. In explaining why the harms experienced by Brahimi were mere harassment, the IJ stated that Brahimi's testimony about the incidents that occurred before NATO's intervention in Kosovo consisted only of detentions and questioning; but in fact Brahimi had also testified to beatings. Further, the IJ did not explicitly evaluate whether the incident in which Serbian police beat Brahimi and his family and evicted them from their home constituted persecution on account of an enumerated ground, either standing alone or in aggregate with the other harms alleged by Brahimi.

■ The BIA did not separately analyze this testimony because it adopted and affirmed the IJ's decision. Although it amplified the IJ's decision by stating that the harms experienced by Brahimi did not in the aggregate amount to persecution, our review is frustrated because it is unclear whether the BIA considered the beating of Brahimi and his family in reaching this conclusion. Where the agency neither considers substantial testimony regarding alleged persecution on the basis of an enumerated ground nor explicitly finds such testimony incredible, we are not in a position to affirm a finding that the treatment suffered was harassment rather than persecution. *See Ivanishvili,* 433 F.3d at 341–42; *see also Manzur v. U.S. Dept. of Homeland Sec.,* 494 F.3d 281, 290 (2d Cir. 2007) (mere recitation that agency considered experiences in the aggregate is insufficient without reasoning in the decision reflecting that the agency did so).

### D. Adverse Credibility

■ The IJ's adverse credibility finding, which applied only to the harms Brahimi alleged to have occurred after NATO's intervention in Kosovo, was based on flawed grounds. Contrary to the IJ's finding, Brahimi did mention in his written asylum application that he was verbally abused and beaten by KLA members while walking home in March 2003. Also, although the IJ stated that Brahimi was "evasive and unresponsive" in describing what kind of pressure the KLA put on him to support them, the record suggests Brahimi was simply having difficulty understanding the thrust of the IJ's questions.

Where an adverse credibility determination is based, in part, on flawed grounds,

remand is not required if: (1) the agency articulates an alternate and sufficient basis for the determination; (2) the agency's reliance on the erroneous aspect of its reasoning is substantially tangential to its non-erroneous findings; or (3) overwhelming evidence in the record makes it clear that the same decision is inevitable on remand, or, "in short, whenever the reviewing panel is confident that the agency would reach the same result upon a reconsideration cleansed of errors." *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 107 (2d Cir.2006). Here, remand is not futile because we cannot say with confidence that the agency would reach the same result upon reconsideration in light of this order. *See id.* at 107.

Accordingly, we grant the petition for review with respect to Brahimi's withholding of removal claim. *See Ivanishvili,* 433 F.3d at 342–43 (even where one-year bar forecloses asylum, agency must still consider whether presumption established by past persecution demonstrates a threat to life or freedom sufficient to qualify for withholding of removal, *i.e.,* whether there is a clear probability of persecution). Nothing in this order forecloses the agency from finding changed circumstances or the possibility of internal relocation on remand.

## III. Convention Against Torture

Because Brahimi's CAT claim was premised on the same factual predicate underlying the withholding of removal claim, we also remand that claim to the agency for further consideration. *Cf. Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

For the foregoing reasons, the petition for review is GRANTED in part and DISMISSED in part, the BIA's order is VACATED, and the case is REMANDED for further proceedings consistent with this order. Any pending request for oral argument in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).